**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CUSTOM ENGINEERING, INC., )<br>a Kentucky Corporation, )<br>  )<br>          Plaintiff, )<br>  )<br>vs. )<br>  )<br>LIBERTY COAL COMPANY, a Colorado )<br>Limited Liability Company, )<br>  )<br>          Defendant. ) | Case No. 06-cv-0636-MJR |

# **MEMORANDUM and ORDER**

**REAGAN, District Judge:**

On August 18, 2006, Plaintiff Custom Engineering, Inc. ("Custom"), filed this action for breach of contract, with the alleged acts of misconduct and violations of contractual obligations by Defendant Liberty Coal Company ("Liberty") having occurred within the Southern District of Illinois jurisdictional limits. Custom claims that this Court has jurisdiction based on diversity of citizenship, pursuant to **28 U.S.C. § 1332.**

On December 1, 2006, Custom filed Suggestion of Bankruptcy, advising the Court that Liberty filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. Specifically, Custom advises the Court that Liberty filed its Chapter 7 petition on November 29, 2006, and the bankruptcy matter has been assigned Case No. 06-41279 in the United States Bankruptcy Court for the Southern District of Illinois. Under **11 U.S.C. § 362(a)**, the filing of a bankruptcy petition triggers an *automatic* stay of the commencement or continuation of any judicial proceeding against a debtor.

At the outset, the Court finds that it has jurisdiction to determine whether or not it

has subject matter jurisdiction. *See, e.g., In re Baldwin-United Corp. Litig.*, **765 F.2d 343, 347 (2nd Cir. 1985) ("The Court in which the litigation claimed to be stayed is pending has jurisdiction to determine . . . its own jurisdiction. . . .")**. According to Custom's complaint, Liberty is a corporation incorporated under the laws of Colorado with its principal place of business in Illinois. Thus, Custom states that Liberty is a citizen of the States of Illinois and Colorado. However, Custom has failed to explain why an entity designated as a "Limited Liability Company" is a "corporation." Moreover, if Liberty is, in fact, a limited liability company, for diversity purposes it has the citizenship of each of its members. *See Cosgrove v. Bartolotta,* **150 F.3d 729 (7th Cir.1998);** *cf. Carden v. Arkoma Associates,* **494 U.S. 185 (1990) (all associations other than corporations have the citizenship of each partner or member).** This being the case, the Court lacks sufficient information to complete its threshold review to determine if it has jurisdiction over this matter without knowing the citizenship of each member of Liberty.

Accordingly, the Court **DIRECTS** Plaintiff Custom Engineering, Inc., to file a Jurisdictional Memorandum, addressing the issues delineated in this Order, on or before January 26, 2007.

**IT IS SO ORDERED.**

**DATED this 12th day of January, 2007**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**